IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CIPRIANO R. SANCHEZ & <br> GUADALUPE A. SANCHEZ, <br>     Plaintiffs, <br><br> v. <br><br> FLAGSTAR BANK, FSB, <br>     Defendant. | § <br> § <br> § <br> § <br> §     Civil Action No. 3:13-CV-4878-M-BK <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the *Special Order 3*, this case has been referred to the undersigned for pretrial management. Before the Court is Defendant Flagstar Bank FSB's *Motion to Dismiss*, Doc. 11, and Plaintiffs' *Motion for More Definite Statement*, Doc. 15, which the Court liberally construes as a motion to amend the Complaint.[1] For the reasons the follow, it is recommended that Defendant's motion be **GRANTED** and Plaintiffs' motion be **DENIED**.

**I. BACKGROUND**

This case stems from the anticipated foreclosure of Plaintiffs' real property located at 2809 Brookway Drive, Mesquite, Texas 75181 (the "Property"). Plaintiffs signed a promissory note ("Note") on July 10, 2008, to Profolio Home Mortgage Corporation to purchase the Property. Doc. 1-5 at 4. To secure the Note, Plaintiffs contemporaneously executed a Deed of Trust. Doc. 12-1. Profolio subsequently assigned the Deed of Trust to Defendant on October 16, 2012. Doc. 12-2 at 2.

Apparently, at some point, Plaintiffs failed to make their mortgage payments as promised. Plaintiffs aver that they requested loan modifications on multiple occasions and

---

[1] Plaintiffs' motion for a more definite statement is actually a request for leave to amend their own petition/complaint in the event the Court determines Defendant's motion to dismiss is meritorious. Doc. 15 at 1–2.

submitted documentation to Defendant, only to be told that Defendant has not received such documentation. Doc. 1-5 at 5. They further assert that Defendant refused to accept any payments for less than the total arrearage. Doc. 1-5 at 5. Plaintiffs contend that although Defendant never informed them of the status of their loan modification request, Doc. 1-5 at 6, Defendant noticed a foreclosure sale of the Property to be conducted on December 3, 2013. Doc. 1-5 at 4. The day before the scheduled foreclosure sale, Plaintiffs filed this suit in state court, challenging Defendant's authority to foreclose on the Property and asserting claims of common law fraud and breach and anticipatory breach of contract.[2] Doc. 1-5 at 5, 7–12. Plaintiffs seek injunctive relief and monetary damages. Doc. 1-5 at 12. Defendant timely removed the case to this Court on December 13, 2013. Doc. 1.

## II.  APPLICABLE LAW

Defendant's motion to dismiss under Rule 12(b)(6) is untimely because it was filed after Defendant's answer. However, a court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for judgment on the pleadings for failure to state a claim. *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). Because Defendant asserted that Plaintiffs "fail to state a claim" in its original answer and, therefore, preserved that defense, Doc. 1-11 at 2, the Court construes Defendant's motion as one filed under Rule 12(c). *See Harris v. City of Balch Springs*, No. 11-CV-2307, 2012 WL 4512490 at *5–6 (N.D. Tex. 2012) (Lindsay, J.) (taking the same course where the defendant's answer was filed in state court prior to removal).

The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6). To survive such a motion to dismiss, a plaintiff must allege enough facts to

---

[2] In Plaintiffs' response, they waived their common law fraud claim. Doc. 15 at 8. Such claim, having been abandoned, should be summarily **DISMISSED WITH PREJUDICE**. Also, in the opening paragraph of their Original Petition, Plaintiff's merely mention "violations of the Deceptive Trade Practices Act," and no more is said about it. Doc. 1-5 at 2. Any such claim should likewise be dismissed for failure to state a claim.

state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While a court must accept all of the plaintiff's allegations as true in ruling on a motion to dismiss, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 572 (2007).

### III.  DISCUSSION

In their Original Petition, Plaintiffs allege that Defendant lacks standing to foreclose on the Property because it has not shown that it is the holder of the Note or Deed of Trust. Doc. 1-5 at 7–8. Plaintiffs further assert that Defendant breached the parties' contract because it never gave Plaintiffs the right to cure and reinstate their Note as provided by the Deed of Trust. Doc. 1-5 at 9. Plaintiffs also contend that Defendant told Plaintiffs they qualified for a loan modification, a material misrepresentation that Plaintiffs relied upon to their detriment. Doc. 1-5 at 9. Finally, Plaintiffs claim that Defendant's actions were unconscionable and that it breached its duty of good faith and fair dealing, thereby waiving its right to foreclose. Doc. 1-5 at 10–11.

Defendant presents two grounds for dismissal of Plaintiffs' complaint: preemption under the Home Owners' Loan Act ("HOLA") and failure to state a claim. Because dismissal is recommended on the latter ground, the preemption question is not reached.

### A. Authority to Foreclose

Plaintiffs' claim that Defendant lacks authority to foreclose because there is no record of the Note being transferred to it or the Deed of Trust being assigned to it. Doc. 1-5 at 4–5, 7–8. They further clarify in their response to the motion to dismiss that they are not advancing a show-me-the-note theory, but instead are claiming there is not "a valid actual transfer of the Note and valid assignment of the Deed of Trust to Defendant by the original lender." Doc. 15 at 7. Notwithstanding the legal efficacy of Plaintiffs' claim, Defendant has done exactly that. Attached to its motion to dismiss is a copy of the *Assignment of the Deed of Trust* from Profolio to Defendant on October 16, 2012, and that the assignment was recorded in Dallas County on October 19, 2012.[3] Doc. 12-2 at 2. Moreover, a deed of trust has no legal effect apart from the debt, so that a transfer of the deed of trust automatically passes the note as well. *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011) (Means, J.) ("In other words, a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.") (citation omitted).

---

[3] Although, generally, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion, a court may consider outside documents when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Here, the Note, Deed of Trust, and Assignment are attached to the motion to dismiss and are central to Plaintiffs' claims.

**B. Breach and Anticipatory Breach of Contract**

Plaintiffs assert a hodge-podge of claims under the subtitle "Breach of Contract and Anticipatory Breach of Contract." Doc. 1-5 at 9-12. However, none state a cognizable claim for relief.

First, Plaintiffs allege that Defendant told them they qualified for a loan modification, pending Plaintiffs' submission of financial information, and that Defendant offered, and Plaintiffs accepted, a "loan modification review." Doc. 1-5 at 9 (emphasis added). They deem Defendant's "promises a unilateral contract," breached when Defendant posted the Property for foreclosure sale. Doc. 15 at 9. Plaintiffs' claim fails as a matter of law. As with most transactions of this nature, the Deed of Trust is the parties' contract. Plaintiffs' implication that Defendant's alleged oral promise to consider them for a loan modification modified the terms of the Note and/or Deed of Trust are unsupported because any such modification is prohibited by the Texas statute of frauds. *See Milton v. U.S. Bank Nat.'l Ass'n*, 508 F. App'x 326 (5th Cir. 2013) (because there was no written agreement to delay foreclosure while loan modification application was being processed, plaintiff's breach of contract claim was barred by the statute of frauds).[4]

Plaintiffs also contend that they relied to their detriment on Defendant's "representations and promises," and that Defendant "purposely delayed and misled them to the point of foreclosure." Doc. 1-5 at 9-10. To the extent Plaintiffs intend to state a claim for negligent misrepresentation, it likewise cannot stand. Here, at best, the alleged representations Plaintiffs

---

[4] Under the statute of frauds, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(e). Moreover, lenders are required to give notice to debtors that the "written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties." *Id.*

relied upon were Defendant's promises to modify the loan and not to foreclose. Because both are promises to perform future actions, they do not constitute negligent misrepresentations. *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357-58 (5th Cir. 1996) ("[a] claim for negligent misrepresentation under Texas law contemplates that the 'false information' provided by the defendant is a misstatement of *existing* fact") (emphasis in original).

Additionally, Plaintiffs assertions that Defendant violated its duty of good faith and fair dealing, Doc. 1-5 at 10, is also legally infirm. *See Coleman v. Bank of Am., N.A.*, No. 11-CV-0430, 2011 WL 2516169, at *1 (N.D. Tex. 2011) (Kaplan, J.) (holding that Texas does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power"); *FDIC v. Coleman,* 795 S.W.2d 706, 708–09 (Tex. 1990) (same); *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.*, 176 S.W.3d 595, 611 (Tex. App. -- Corpus Christi 2005, pet. denied) (holding mortgagor did not owe mortgagee a duty in negligence for conduct relating to the foreclosure sale because the deed of trust governs the duties of the parties).

Finally, Plaintiffs' argument that Defendant waived its right to foreclose, Doc. 1-5 at 10-11, are likewise legally flawed. Waiver is "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Ulico Cas. Co. v. Allied Pilots Ass'n,* 262 S.W.3d 773, 778 (Tex. 2008). An intent to relinquish the right must be unequivocally manifested. *G.H. Bass & Co. v. Dalsan Props.-Abilene*, 885 S.W.2d 572, 577 (Tex. App.—Dallas 1994). Plaintiffs have not and cannot establish Defendant intended to relinquish it right to foreclose. Indeed, Plaintiffs affirm that Defendant asserted its intent to maintain its right to accelerate and foreclose on the Property. *Id.*; *see* Doc. 1-5 at 4–5. Furthermore, here, the Deed of Trust expressly provides that any extensions of time for payment and forbearance by

6

Defendant in exercising any right or remedy "shall not be a waiver of or preclude the exercise of any right or remedy." Doc. 12-1 at 6, ¶ 11.

    **C.  Injunctive Relief**

Defendant correctly argues that Plaintiffs have failed to assert an underlying cause of action upon which injunctive relief can be based. Doc. 11 at 25. Injunctive relief is an "equitable remedy, not an independent cause of action," and there is no controversy when a court dismisses each of a plaintiff's underlying substantive law claims. *Puente v. CitiMortgage, Inc.*, No. 11-CV-2509, 2012 WL 4335997 at *7, (N.D. Tex. 2012) (Godbey, J.) (citing *Excel Mktg. Solutions, Inc. v. Direct Fin. Solutions*, LLC, No. 11-CV-0109, 2011 WL 1833022 at *4 (N.D. Tex. 2011) (Fitzwater, C.J.)).

## IV.  LEAVE TO AMEND

Ordinarily, a district court should allow the plaintiff at least one opportunity to cure pleading deficiencies "unless it is clear that the defects are incurable." *Great Plains Trust*, 313 F.3d at 329. The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). As discussed in detail herein, Plaintiffs claims clearly fail as a matter of law. Neither "a more definite statement" or correction of "inadvertent errors or date or party reference," Doc. 15 at 14, can save Plaintiffs' claims. Moreover, as Plaintiff's counsel is well aware, the claims and theories asserted in this case are virtually identical to those filed by Plaintiffs' counsel in numerous other cases before this Court and found to be deficient. Indeed, District Judge Sam A. Lindsay ordered Plaintiffs' counsel to cease using such form pleadings on July 31, 2014. *Brown v. U.S. Bank, N.A.*, No. 14-CV-0089, 2014 WL 3764887 at *1 n.2 (N.D. Tex. 2014). Thus, under the facts and circumstances present here, granting leave to amend would be futile. *See Hart v.*

*Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (leave to amend not required where "the defect is simply incurable.").

## V.  CONCLUSION

It is recommended that Defendant's *Motion to Dismiss*, Doc. 11, be **GRANTED** and Plaintiffs' *Motion for More Definite Statement*, Doc. 15, be **DENIED**.  Plaintiffs' claims should be **DISMISSED WITH PREJUDICE** and this case closed.

**SO RECOMMENDED** on August 21, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE